TIMOTHY M. BURGESS
United States Attorney

KAREN L. LOEFFLER
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, Room 253, #9
Anchorage, Alaska  99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
Email: karen.loeffler@usdoj.gov

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | No. |
| ) | |
| Plaintiff, ) | COUNT 1: |
| ) | CONSPIRACY |
| vs. ) | Vio. 18 U.S.C. § 371 |
| ) | |
| FRANK R. TALAS, JR., and PHYLLIS ) | COUNT 2: |
| TALAS, ) | MISAPPROPRIATION OF |
| ) | FUNDS BY FIDUCIARY |
| Defendants. ) | Vio. 38 U.S.C. § 6101 |
| ) | |
| ) | COUNTS 3-5: |
| ) | WIRE FRAUD |
| ) | Vio. 18 U.S.C. § 1343 |

## I N D I C T M E N T

The Grand Jury charges that:

General Allegations

At all times material to this indictment

1.      Donald Mitchell suffered from medical incapacities that required that he be appointed a guardian to take care of his person and financial affairs. Based on his medical incapacities, the State of Alaska ordered that guardians be appointed to make medical and financial decisions on his behalf. At the time of his guardianship, Mr. Mitchell received an Air Force Retirement of $39,108 per year, Civil Service benefits of $6,096 per year, and Social Security benefits of $6,486 per year. In addition, he owned other assets with the approximate value of over $300,000.

2.      Phyllis Y. Talas is Mr. Mitchell's daughter.

3.      Frank R. Talas, Jr. is Mr. Mitchell's son-in-law.

4.      On or about July 3, 2001, Frank R. Talas, Jr, petitioned the Superior Court for the State of Alaska for temporary guardianship and conservatorship of Mr. Mitchell. The court granted Frank Talas' request on July 10, 2001. By that order the court gave Frank Talas full access to all of Mr. Mitchell's finances with the right to withdraw or transfer funds for the benefit of Mr. Mitchell. The order of guardianship further required Frank Talas to provide a full accounting of all funds. Subsequently, by orders dated October 7, 2001 and November 6, 2001, Frank R. Talas, Jr. and Phyllis Y. Talas were appointed as temporary full co-guardians and temporary full co-conservators of Mr. Mitchell. By order dated April 18, 2002, Frank R. Talas, Jr. and Phyllis Y. Talas

2

were appointed full co-guardians and full co-conservators of Mr. Mitchell. As co-

guardians and co-conservators of Mr. Mitchell and his finances, defendants were

fiduciaries of moneys and assets belonging to Mr. Mitchell and were responsible to

administer those monies and assets for the benefit of Mr. Mitchell. Further, as guardians

and conservators they were prohibited from accepting money from Mr. Mitchell without

court approval.

## COUNT 1: CONSPIRACY

5.     Paragraphs 1 through 3 are re-alleged herein.

6.     Beginning on or about October 7, 2001, and continuing thereafter until on

or about March 3, 2003, the defendants, FRANK R. TALAS, Jr. and PHYLLIS Y.

TALAS, in the District of Alaska and elsewhere, did unlawfully, and knowingly,

combine, conspire, confederate and agree, with each other, to commit certain offenses

against the United States, namely:

A.     Misappropriation by Fiduciary in violation of Title 38, United States

Code, Section 6101; and

B.     Wire Fraud in violation of Title 18, United States Code, Section

1343.

## PURPOSE OF THE CONSPIRACY

7.     The purpose of the conspiracy was to defraud Mr. Mitchell by

misappropriating money and assets belonging to Mr. Mitchell for the personal benefit of

3

the defendants FRANK R. TALAS, JR. and PHYLLIS Y. TALAS.

MANNER AND MEANS

8.    The defendants were enabled to carry out the conspiracy by means of petitioning for and receiving appointments as guardians and conservators of Mr. Mitchell and his finances. As guardians and conservators, the defendants had full access to Mr. Mitchell's financial assets and benefits and violated their roles as fiduciaries by dissipating and depleting his financial assets in violation of their obligation to Mr. Mitchell and for their personal benefit.

Overt Acts

9.    In furtherance of the conspiracy, and in order to effect the objects thereof, the defendants committed numerous overt acts within the District of Alaska and elsewhere, including but not limited to the following:

1

On or about October 7, 2001, the defendants applied for and were appointed as co-guardians and co-conservators of Mr. Mitchell.

2

On or about March 13, 2002, Frank Talas, Jr. caused $58,290.76 belonging to Mr. Mitchell to be wire transferred into Mr. Mitchell's account at Matanuska Valley Federal Credit Union – an account over which Frank and Phyllis Talas had control pursuant to their guardianship over Mr. Mitchell.

4

3

On or about March 14, 2002, Frank Talas Jr. caused $144,391.89 belonging to

Mr. Mitchell to be wire transferred into Mr. Mitchell's account at Matanuska Valley

Federal Credit Union – an account over which Frank and Phyllis Talas had control

pursuant to their guardianship over Mr. Mitchell.

4

On or about March 14, 2002, Frank Talas Jr. opened a business account with

Credit Union One in the name of Silver Wolf and Cub Enterprises.

5

Between on or about March 14, 2002 and on or about November 15, 2002, Frank

R. Talas, Jr. expended approximately $60,000 of money belonging to Mr. Mitchell and

that he obtained through his role as guardian of Mr. Mitchell's finances in his failed

business venture, Silver Wolf and Cub Enterprises.

All of which is in violation of Title 18, United States Code, Section 371.

COUNT 2: MISAPPROPRIATION BY FIDUCIARIES

10.    Paragraphs 1 though 3 are re-alleged herein.

11.    Beginning on or about July 3, 2001, and continuing thereafter until on or

about March 3, 2003, in the District of Alaska and elsewhere, the defendants, FRANK R.

TALAS, JR., and PHYLLIS Y. TALAS, being a guardians, conservators, and persons

having charge and custody in a fiduciary capacity of money paid under the laws

5

administered by the Secretary of the Department of Veterans Affairs for the benefit of an incompetent individual, did knowingly use, embezzle and misappropriate money or property derived in whole or in part therefrom that came into the defendants' control under their fiduciary capacity.

12.     As a result of said embezzlement and misappropriation, defendants unlawfully obtained and dissipated approximately $495,010 in funds belonging to Mr. Mitchell.

All of which is in violation of Title 38, United States Code, Section 6101 and Title 18, United States Code, Section 2.

COUNTS 3-5: WIRE FRAUD

13.     Paragraphs 1 through 3 are re-alleged herein.

14.     Beginning on or about July 3, 2001, and continuing thereafter until at least on or about March 3, 2003, the defendant, FRANK R. TALAS, Jr., devised and intended to devise a material scheme and artifice to defraud and to obtain money and property by means of false and fraudulent pretenses, promises and representations.

Purpose of the Scheme

15.     The purpose of the scheme was for FRANK R. TALAS, Jr. to use his position as guardian, conservator and fiduciary of Mr. Mitchell to obtain access to and misappropriate money and assets belonging to Mr. Mitchell for his own benefit.

6

## Manner and Means

16.    FRANK R. TALAS, Jr. carried out the above described scheme by transferring money and assets belonging to Mr. Mitchell into a variety of bank accounts under his control. After obtaining access to Mr. Mitchell's money and assets, FRANK R. TALAS, JR. then unlawfully spent these monies on various personal purchases and ventures, including but not limited to, the creation of a business called Silver Wolf and Cub Enterprises, personal travel, withdrawals of cash, and transfer of money into personal accounts owned by Frank and Phyllis Talas.

17.    On or about the dates set forth below, for the purpose of executing and attempting to execute the above described scheme and artifice, FRANK R. TALAS, JR. did knowingly cause to be transmitted in interstate commerce by means of a wire communication certain signals and sounds, with each wiring, identified by date and description below, constituting a separate and distinct count.

| Count | Date of Wiring | Description |
|---|---|---|
| 3 | March 13, 2002 | Wire transfer of $58,290.76 from Bay Bank and Trust Co., Panama City, Florida to Matanuska Valley Credit Union |
| 4 | March 14, 2002 | Wire transfer of $144,391.89 from Tyndall Federal Credit Union, Panama City, Florida to Matanuska Valley Credit Union |
| 5 | May 1, 2002 | Wire transfer of $168.79 representing Veteran's Affairs benefits deposited into Frank Talas, Jr's. account at Matanuska Valley Federal Credit Union |

7

All of which is in violation of and contrary to Title 18, United States Code, Section

1343.


A TRUE BILL.


s/ Grand Jury Foreperson
GRAND JURY FOREPERSON


s/Karen L. Loeffler
KAREN L. LOEFFLER
Assistant U.S. Attorney
222 West 7th Ave., #9, Rm. 253
Anchorage, AK 99513-7567
Phone: 907-271-5071
Fax: 907-271-1500
Email: karen.loeffler@usdoj.gov
AK # 8511173


s/Timothy Burgess
TIMOTHY M. BURGESS
United States Attorney
222 West 7th Ave., #9, Rm. 253
Anchorage, AK 99513-7567
Phone: 907-271-5071
Fax: 907-271-1500
Email: tim.burgess@usdoj.gov


DATED: January 17, 2006