NELSON P. COHEN
United States Attorney

KAREN L. LOEFFLER
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9
Anchorage, Alaska  99513-7567
Phone (907) 271-5071
Fax: (907) 271-1500
email: karen.loeffler@usdoj.gov

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>               Plaintiff,<br><br>   vs.<br><br>PHYLLIS TALAS,<br><br>               Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Case No. 3:06-cr-0011-RRB<br><br><br><br>**GOVERNMENT'S SENTENCING**<br>**MEMORANDUM** |

COMES NOW the United States of America, by and through counsel, and submits its sentencing memorandum in the above captioned case as follows:

I.  **Guideline Calculation**

As noted in the final presentence report, the government believes that the 2 level adjustment for vulnerable victim, does not apply as a matter of law in this circumstance. The legal problem here derives from the fact that there is no guideline specifically applicable to the statute that Mr. Talas violated and that is

the basis of Ms. Talas' Misprision conviction.  The government agrees that the applicable guideline is U.S.S.G. §2B1.1 applicable to theft convictions.  The government further agrees that this guideline, standing alone, does not contain, as one of its elements, abuse of a vulnerable victim.  The issue of whether §3A1.1(b)(1) – vulnerable victim – applies in this context is certainly a close one.  Under application note 2, it appears that the presentence officer is correct in that the vulnerable victim issue is not part of the guideline.  On the other hand it is part of the crime, which itself does not have a specific guideline application. As this is a close question, and Ms. Talas' actions in this case, more of a failure to act as opposed to active embezzlement, argue for some leniency, the government agrees will Ms. Talas that the vulnerable victim enhancement should not apply as a guideline adjustment.  The government therefore, believes that Ms. Talas' total offense level is 7 with a sentencing range of 0 - 6 months.

## II.     Restitution

While the PSR correctly calculates the amount of monies taken from Mr. Mitchell's assets, the government believes that the court should take a slightly different approach to restitution in this unique circumstance.  The unique circumstance here is that Ms. Talas, if required to repay Mr. Mitchell's assets, would by in the odd position of paying money into an estate in which she is most likely the primary beneficiary.  For this reason, the government see restitution

slightly differently in this case. As the government discussed with defendants and the probation office, the government believes that restitution should be paid to the Chugiak Senior Center for any monies owing for Mr. Mitchell's care that have not been fully paid, and any monies expended by the State of Alaska for Mr. Mitchell. In addition the government would seek transfer of the value or title of the property bought by the Talas' with Mr. Mitchell's money back to the estate for his upkeep. At this time, the government has not obtained the figures from either the Chugiak Senior Center or the State of Alaska. The government will attempt to contact those organizations before the sentencing and will provide the information immediately to the parties and the court if they are available.

The government has no further objections to the PSR.

### III.   Recommendation

With regard to the §3553(a) factors, the government believes that some sentence is necessary to emphasize the special obligation that someone undertakes when they agree to become a fiduciary for someone who cannot take care of themself. Having taken that oath to protect someone, it is a major breach of that obligation even to stand by while another uses up the monies supposed to be for the beneficiaries' care for family obligations.

On the other hand, the government acknowledges that Ms. Talas, other than this offense, has never violated the law, has spent her life fully employed and being a beneficial member of the community. It is unlikely that Ms. Talas would reoffend on any level. Therefore, the government will recommend that Ms. Talas, be sentenced to a term of 2 months home confinement as a condition of probation. The government would also request that credit counseling be required as a special condition of probation.

RESPECTFULLY submitted this 25th day of September, 2006, at Anchorage, Alaska.

NELSON P. COHEN
United States Attorney

 s/Karen Loeffler
Assistant United States Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Rm 253
Anchorage, Alaska  99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
email: karen.loeffer@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on September 25, 2006
a copy of the foregoing was served electronically on

David Webber

s/ Karen Loeffler