PROB 12C
(7/93)

# United States District Court
## for the
## District of Alaska

RECEIVED
JAN 17 2008
CLERK, U.S. DISTRICT COURT
ANCHORAGE, A.K.

Petition for Warrant or Summons for Offender Under Supervised Release

| | |
|---|---|
| Name of Offender: Phyllis Talas | Case Number: 3:06-cr-00011-02 RRB |
| Sentencing Judicial Officer: | Ralph R. Beistline, U.S. District Court Judge |
| Date of Original Sentence: | September 28, 2006 |
| Original Offense: | Misprision of Felony |
| Original Sentence: | Five years probation, $185,000 restitution |
| Date Supervision Commenced: | September 28, 2006 |
| Asst. U.S. Attorney: Karen Loeffler | Defense Attorney: Michael Dieni |

## PETITIONING THE COURT

[ ]  To issue a warrant
[X]  To issue a summons

The probation officer believes that the offender has violated the following condition(s) of supervised release:

Violation Number | Nature of Noncompliance
---|---
1 | The defendant has violated the Standard Condition of Supervision 2, "The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month," in that the offender has never submitted a monthly supervision report for the month of October 2007. This violation is a Grade C violation.
2 | The defendant has violated the Standard Condition of Supervision 2, "The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month," in that the offender has never submitted a monthly supervision report for the month of November 2007. This violation is a Grade C violation.
3 | The defendant has violated the Standard Condition of Supervision 2, "The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month," in that within the first five days of January 2008, the offender has not submitted a monthly supervision report for the month of December 2007. This violation is a Grade C violation.

*Petition for Warrant or Summons*
*Name of Offender       :   Phyllis Talas*
*Case Number            :   3:06-cr-00011-02 RRB*

| | |
|---|---|
| 4 | The defendant has violated the Mandatory Condition of Supervision "If the judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this Judgment," in that the offender has not made a monthly restitution payment for the month of November 2007. This violation is a Grade C violation. |
| 5 | The defendant has violated the Mandatory Condition of Supervision "If the judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this Judgment," in that the offender has not made a monthly restitution payment for the month of December 2007. This violation is a Grade C violation. |

U.S. Probation Officer Recommendation:

The term of supervised release should be:

    [ ]    Revoked
    [ ]    Extended for _____ year(s), for a total term of _____ years.

[ X ]    The conditions of supervised release should be modified as follows:

At the direction of the probation officer, the offender shall reside at the Residential Reentry Center (RRC) for a period of 90 days and shall comply with the rules and regulations of the center. The offender shall be eligible for release for work, mental health treatment, and other activities if pre-approved by the probation officer.

Respectfully submitted,

**REDACTED**
Eric D. Odegard
U.S. Probation/Pretrial Services Officer
Date: January 17, 2008

THE COURT ORDERS

[ ]    *The WARRANT FOR ARREST be delivered to the U.S. Marshal's Service; and the petition, probation officer's declaration, and a copy of the warrant shall be sealed in the Clerk's file and disclosed only to the U.S. Attorney for their official use, until the arrest of the offender. The petition for supervised release revocation is referred to the Magistrate Judge for initial appearance/preliminary hearing(s). The evidentiary hearing, if any, will be before the Magistrate Judge only upon consent; otherwise the evidentiary hearing will be before the undersigned District Court Judge.*

*Petition for Warrant or Summons*
*Name of Offender        :        Phyllis Talas*
*Case Number             :        3:06-cr-00011-02 RRB*

[✓]   The issuance of a summons. The Petition for Supervised Release revocation is referred to the Magistrate Judge for initial appearance/preliminary hearing(s). The evidentiary hearing, if any, will be before the Magistrate Judge only upon consent; otherwise the evidentiary hearing will be before the undersigned District Court Judge.

[ ]   Other:

REDACTED SIGNATURE

Ralph R. Beistline
U.S. District Court Judge

1/17/08
Date

**Supervised Release Cases:** Pursuant to 18.U.S.C. § 3401(I), the sentencing District Court may designate a Magistrate Judge to conduct hearings to modify, revoke, or terminate supervised release, including evidentiary hearings, and to submit to the Court proposed findings of facts and recommendations, including disposition recommendations.

**Probation Cases:** Pursuant to *United States v. Frank F. Colacurcio,* 84 F.3d 326, a Magistrate Judge has the authority to conduct a probation revocation hearing **only if** the following three conditions are satisfied: (1) the defendant's probation was imposed for a misdemeanor; (2) the defendant consented to trial, judgment, and sentence by a Magistrate Judge; and (3) the defendant initially was sentenced by a Magistrate Judge. Therefore, a District Court **may not** designate a Magistrate Judge to conduct revocation hearings on probation cases where a District Court was the sentencing Court.

# United States District Court
for the
## DISTRICT OF ALASKA

|  |  |  |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | Case Number: 3:06-cr-00011-02 RRB |
| vs. | ) | DECLARATION IN SUPPORT OF PETITION |
| | ) | |
| Phyllis Talas | ) | |

I, Eric Odegard, am the U.S. Probation Officer assigned to supervise the Court-ordered conditions of Probation for Phyllis Talas, and in that capacity declare as follows:

On September 28, 2006, the offender was sentenced to five years probation following her conviction for Misprision of Felony. The Court also ordered restitution in the amount of $369,637.99. On October 17, 2006, an Amended judgment was issued setting the restitution amount at $185,000. Among the conditions of probation are the standard conditions that the offender file a complete and truthful report each month between the first and fifth of the month and that the offender maintain lawful employment unless excused by the probation officer. The court also imposed a condition that the offender pay restitution monthly at the rate of 10% of his/her gross monthly income or not less than $25 per month.

In August 2007, the offender's case was reassigned to US Probation Officer Odegard.

In October 2007, the offender filed a monthly supervision report for September 2007. On October 16, 2007, the offender made a restitution payment in the amount of $150.

In November 2007, the offender failed to submit a monthly supervision report or make a restitution payment.

On December 11, 2007, the probation officer sent the offender a written notice telling her to complete and submit her monthly supervision reports for October and November 2007 and to make a restitution payment for November 2007 no later than December 21, 2007.

In December 2007, the offender failed to submit a monthly supervision report or make a restitution payment.

On December 26, 2007, the offender was sent a letter informing her that she had an appointment with the probation officer on January 4, 2008.

On January 4, 2008, the offender's husband called the probation officer and advised that they couldn't make their appointment due to car trouble. The offender's appointment was re-scheduled for January 7, 2008.

On January 7, 2008, the offender's husband called and said that their car trouble was continuing and he and the offender again couldn't make their appointment.

At the writing of this declaration, the offender has yet to submit a monthly supervision report for December 2007 or make a monthly restitution payment for January 2007.

Executed this 17th day of January 2008, at Anchorage, Alaska, in conformance with the provisions of 28 U.S.C. § 1746.

I declare, under penalty of perjury, that the foregoing is true and correct, except those matters stated upon information and belief, and as to those matters, I believe them to be true.

**REDACTED SIGNATURE**

Eric Odegard
U.S. Probation Officer